UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC A. CULLER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:04 CV 633 DDN |
| MICHAEL BOWERSOX, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Eric A. Culler for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636 (c).

In 2002, Culler pled guilty and was sentenced in the Circuit Court of the City of St. Louis for kidnapping, armed criminal action, unlawful use of a weapon, endangering the welfare of a child, and violation of an order of protection. (Doc. 9 Ex. 2 at 44-46.) Culler was sentenced to ten years imprisonment for the kidnapping and armed criminal action charges, five years for the weapon and endangering the welfare of a child charges, and six months on the probation violation charge, to be run concurrently for a total of ten years. (Id. at 45-46.) On May 13, 2002, Culler was delivered to the Department of Corrections. (Id. Ex. 3 at 6.)

On June 12, 2002, Culler filed a *pro se* motion for post-conviction relief under Missouri Supreme Court Rule 24.035. Counsel was appointed to represent Culler and an amended motion was filed on October 21, 2002. (Id.) The circuit court denied the motion after an evidentiary hearing. (Id. Ex. 2 at 79.) Culler appealed and the Missouri Court of Appeals affirmed. (Id. Ex. 5 at 1.)

Culler commenced this habeas action in the United States District Court for the Western District of Missouri. The action was transferred to this court. Culler alleges that his conviction violated the federal Constitution because his pleas of guilty were involuntary, unknowing,

and unintelligent. More specifically, petitioner alleges his attorney declined to consider or reasonably discuss the option of taking the case to trial and that counsel misled him to believe the state would recommend a five year sentence as opposed to a ten year sentence, in order to get petitioner to plead guilty. (Doc. 1).

### Standard of Review

Habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999), cert. denied, 531 U.S. 886 (2000). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 352, 694 (2002). A federal habeas court may not issue a writ under the "unreasonable-application clause" simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411.

After the post-conviction motion hearing, the circuit judge made findings of fact and concluded that petitioner's allegations were refuted by the record. (Doc. 9 Ex. 2 at 87.) The court specifically found that petitioner's plea counsel did not render constitutionally ineffective assistance, that petitioner was not misled by the state's recommendation, that there was no reasonable basis for petitioner to

- 2 -

expect a five-year sentence, and that counsel's decision not to interview asserted character witnesses was valid trial strategy and did not prejudice petitioner. (Id. Ex. 5.)

### **Merits**

Guilty pleas must be voluntary, knowing and intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. Brady v. United States, 397 U.S. 742, 748 (1970). A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense "unless induced by threats . . ., misrepresentation . . ., or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." Id. at 754. A plea of guilty is intelligently made if petitioner was advised by competent counsel, was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties. Id. at 756.

Culler alleges that his guilty pleas were involuntary, unknowing and unintelligent because his plea counsel declined to consider or reasonably discuss the option of taking the case to trial and misled him to believe the state would recommend a five year sentence as opposed to a ten year sentence in order to get petitioner to plead guilty. (Doc. 1.)

Culler's allegation that he was misled to believe the state would recommend a five year sentence is without merit. Although at the end of the plea hearing Culler expressed some confusion regarding his sentence of ten years (Doc. 9 Ex. 2 at 32), the transcript of the hearing demonstrates that the judge sufficiently questioned him regarding his understanding of the potential length of his sentence (up to 81 years) and regarding the state's recommendation (10 years). (Id. Ex. 2 at 26-28, 33-34.) Furthermore, Culler testified during the evidentiary hearing that the state's recommendation was initially five years but was changed to ten years while he was being represented by a previous attorney, Mr. Gable, because he had pled guilty to a federal charge. (Id. Ex. 1 at 20-21.) Culler also testified that before

pleading guilty he discussed with Mr. Affholter trying to reduce the sentence to five years, and Mr. Affholter returned and stated that the state had denied the request to lower the sentence. (Id. Ex. 1 at 30.) These statements support a finding that Culler was fully informed of his sentence of 10 years at the time of his guilty plea, that his plea was made knowingly, and that he was not misled regarding the length of his potential sentence.

Culler's allegation that his attorney, Mr. Affholter, refused to discuss taking Culler's case to trial is also without merit. Culler testified at his post-conviction hearing, and Mr. Affholter later agreed, that in discussing the case Mr. Affholter had used "very colorful" and "forceful" language in a raised voice in order to "persuade" Culler to plead guilty rather than go to trial. (Id. Ex. 1 at 9-10.) It was Mr. Affholter's behavior and feelings concerning going to trial that made Culler feel he had no choice but to plead guilty. (Id. Ex. 1 at 11-12, 43.)

It is reasonable to find that the persuasive tactics of Mr. Affholter in advising petitioner of the strength of the state's case, and of his likely conviction, did not result in an involuntary plea of guilty. The record supports a finding that Culler's decision was intelligently made after being advised by competent counsel. Brady, 397 U.S. at 748. During the evidentiary hearing, Mr. Affholter testified that he met with his client four to five times, discussed the charges, and deposed the victim, Culler's wife, before forming his opinion that it was in Culler's best interest to plead guilty. (Doc. 9 Ex. 1 at 35-36.) Counsel also testified that in his opinion further investigation of witnesses given to him by Culler would not have been helpful. Introduction of character witnesses would have allowed the prosecution to introduce bad character evidence and evidence pertaining to his attempted murder and unlawful use and possession of a weapon charges, as well as other incidents between Culler and his wife. (Id. Ex. 1 at 34.) During Culler's plea and sentencing hearing, the court further asked whether Culler was pleading guilty because he believed it was in his best interest, and Culler responded that pleading guilty was in his best interest because if he lost his trial he might get life

in prison.  (Id. Ex. 2 at 33.)  There is nothing in the record to indicate that Culler was incompetent or not in control of his mental faculties. These facts demonstrate that petitioner's plea of guilty was voluntary and intelligent.  Brady, 397 U.S. at 748.

From the record, it was reasonable for the circuit court to find that petitioner was not forced to plead guilty, and that he was well aware of his potential sentence.  The ruling of the state court on the merits of a factual issue is therefore "presumed to be correct."  28 U.S.C. §2254 (e)(1).

In his document captioned "New Evidence," petitioner argues that the circuit court failed to comply with Missouri Supreme Court Rule 24.02 when it accepted his guilty plea.  More specifically, petitioner argues that the court should have required the production of the deposition of witness Gita Culler and should have discussed alternative defense theories with petitioner before accepting his guilty pleas.

This court does not find that Missouri Supreme Court Rule 24.02 supports petitioner's arguments.  In any event, this argument is legally irrelevant to whether the decisions of the state courts in petitioner's case were reasonable under federal law.

## CONCLUSION

Petitioner has failed to demonstrate that his plea of not guilty was involuntary, unknowing and unintelligent.  Brady, 397 U.S. at 748. The decisions of the circuit court and the Missouri Court of Appeals are not based on an unreasonable determination of the facts, nor are they contrary to or an unreasonable application of clearly established United States Supreme Court precedent.  28 U.S.C. § 2254(d)(1)-(2). For these reasons the petition of Eric Culler for a writ of habeas corpus must be denied.  An appropriate order is issued herewith.

/s/ David D. Noce
_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 22, 2006.